JUDITH DOBUZINSKY ET AL. *v.* MIDDLESEX
MUTUAL ASSURANCE COMPANY
(AC 17278)

Foti, Lavery and Sullivan, Js.

Argued April 29—officially released July 14, 1998

*William F. Gallagher*, with whom, on the brief, was *Barbara L. Cox*, for the appellants (plaintiffs).

*William F. Tiernan*, for the appellee (defendant).

*Opinion*

FOTI, J. The plaintiffs, Judith Dobuzinsky and George Dobuzinsky, appeal from the judgment of the trial court denying their application to vacate, correct or modify an arbitration award issued to resolve a dispute between the plaintiffs and the defendant, Middlesex Mutual Assurance Company, concerning the plaintiffs' entitlement to uninsured motorist benefits. On appeal, the plaintiffs claim that the trial court improperly confirmed the arbitrators' award, which failed (1) to apply the limits of the uninsured motorist coverage separately to the plaintiff George Dobuzinsky's claim and (2) to allow "intrapolicy stacking"[1] of the uninsured motorist benefits available to the plaintiffs. We agree with the first of the plaintiffs' claims and, therefore, reverse the judgment of the trial court.

The following facts are undisputed. On or about January 7, 1991, an automobile insurance policy was issued by the defendant to the plaintiffs. This policy was in effect on June 19, 1992, and provided, inter alia, uninsured motorist coverage to the plaintiffs. On June 19, 1992, the plaintiffs were injured in an automobile accident caused by the negligence of an uninsured motorist.

---

[1] Intrapolicy stacking is the aggregation of the limits of liability for uninsured and underinsured motorist coverage of each automobile covered under one insurance policy. *Kent* v. *Middlesex Mutual Assurance Co.*, 226 Conn. 427, 428 n.3, 627 A.2d 1319 (1993); *Nationwide Ins. Co.* v. *Gode*, 187 Conn. 386, 388–89 n.2, 446 A.2d 1059 (1982), overruled in part, *Covenant Ins. Co.* v. *Coon*, 220 Conn. 30, 30 n.6, 594 A.2d 977 (1991).

Both plaintiffs filed claims against the defendant seeking payment of uninsured motorist benefits under the policy.

On April 26, 1995, and on dates thereafter, a three member arbitration panel met to adjudicate the plaintiffs' claims. Prior to the arbitration hearing, the parties agreed that the claim of the plaintiff Judith Dobuzinsky would be considered before the claim of the plaintiff George Dobuzinsky. On May 12, 1995, a majority of the arbitrators issued an award in favor of the plaintiff Judith Dobuzinsky. The arbitrators found that the policy provided for $300,000 of uninsured motorist coverage per accident. The arbitrators awarded the plaintiff Judith Dobuzinsky the entire $300,000 available under the policy, reduced by the amount of $35,000 previously paid to her by the defendant, for a total award of $265,000. The arbitrators made no award to the plaintiff George Dobuzinsky on the ground that the coverage was exhausted by the award to the plaintiff Judith Dobuzinsky.

On June 2, 1995, the plaintiffs filed an application to vacate, correct or modify the arbitrators' award. The plaintiffs claimed that the arbitrators improperly failed (1) to allow intrapolicy stacking of the plaintiffs' uninsured motorist coverage and (2) to award sufficient damages. On June 15, 1995, the defendant filed a motion to confirm the arbitrators' award. On October 29, 1996, the trial court issued its memorandum of decision denying the plaintiffs' application to vacate, correct or modify the arbitrators' award and granting the defendant's motion to confirm the award.

On November 15, 1996, the plaintiffs filed a motion to reargue the trial court's decision pursuant to Practice Book § 204B, now Practice Book (1998 Rev.) § 11-12. In their motion, the plaintiffs alleged that "[t]he court

failed to decide the claim of the plaintiffs that the plaintiff George Dobuzinsky and the plaintiff Judith Dobuzinsky stated separate claims for which they were separately insured, and [that] the $300,000 was applicable to each claim. The arbitrators decided merely that there was a single $300,000 limit, and awarded $300,000 to the plaintiff Judith Dobuzinsky and nothing to the plaintiff George Dobuzinsky." The plaintiffs also alleged that the trial court improperly determined that they were not entitled to stack their uninsured motorist coverage under the policy. On May 19, 1997, the trial court issued its supplemental memorandum of decision in which it stated that "[t]his court believes that all of the claims raised by the plaintiffs in their application to vacate the arbitration award were considered in accordance with the appropriate standards and application of the decision in [*Kent* v. *Middlesex Mutual Assurance Co.*, 226 Conn. 427, 627 A.2d 1319 (1993)]. No change to this court's ruling of October 29, 1996, has been shown by the plaintiffs to be warranted." This appeal followed.

We first set forth our standard of review of a statutorily mandated or compulsory arbitration award. "When an arbitration panel's interpretation and application of the law is at issue, an appellate court must conduct a de novo review. *Streitweiser* v. *Middlesex Mutual Assurance Co.*, 219 Conn. 371, 375, 593 A.2d 498 (1991); *Chmielewski* v. *Aetna Casualty & Surety Co.*, 218 Conn. 646, 655 n.11, 591 A.2d 101 (1991)." *Middlesex Ins. Co.* v. *Quinn*, 27 Conn. App. 573, 576, 609 A.2d 1008 (1992), aff'd, 225 Conn. 257, 622 A.2d 572 (1993); see also *American Universal Ins. Co.* v. *DelGreco*, 205 Conn. 178, 191, 530 A.2d 171 (1987). Conversely, the appropriate standard of review of the factual findings of an arbitration panel is the substantial evidence test. *Chmielewski* v. *Aetna Casualty & Surety Co.*, supra, 656. Pursuant to this test, the reviewing court must determine whether

there is substantial evidence in the record to support the arbitrators' findings of basic fact and whether the conclusions drawn from those facts are reasonable. Id., 660–61 n.15; *Connecticut Light & Power Co.* v. *Dept. of Public Utility Control*, 216 Conn. 627, 639, 583 A.2d 906 (1990).

## I

The plaintiffs first claim that the trial court improperly affirmed the arbitrators' award, which failed to apply the limits of the uninsured motorist coverage separately to the plaintiff George Dobuzinsky's claim. The plaintiffs argue that because the insurance contract provides both that the limits of uninsured motorist coverage are applicable "once per claim" and "once per accident," the contract is ambiguous and should be construed in favor of the plaintiffs to allow the plaintiff George Dobuzinsky to recover a separate award of uninsured motorist benefits.

As a preliminary matter, we must address the defendant's argument that the plaintiffs did not properly preserve their claim that the arbitrators improperly failed to apply the limits of the uninsured motorist coverage separately to the plaintiff George Dobuzinsky's claim. The defendant argues that the plaintiffs raised this claim for the first time in their motion for reargument and that no such claim was made during the arbitration proceedings.

Our review of the record reveals that the plaintiffs filed a brief with the arbitration panel, titled, "Uninsured Motorist Policy Coverage." In that brief, the plaintiffs argued that "[i]f intrapolicy stacking of uninsured motorist benefits is awarded, there is a maximum coverage of $900,000 available for the claim of Judith Dobuzinsky and a further $900,000 available for the claim of George Dobuzinsky; if stacking is not allowed,

then based on the language of the policy application, there is $300,000 coverage for each claim."

In their application to vacate, correct or modify the arbitrators' award, the plaintiffs alleged that the arbitrators "failed to award sufficient damages." Furthermore, the plaintiffs filed a memorandum of law in support of their application, in which they raised their claim that the arbitrators' failure to apply the policy limits separately to the plaintiff George Dobuzinsky's claim requires that the award be set aside. The plaintiffs also raised their claim during the hearing on their application to vacate, correct or modify the arbitrators' award. Finally, the plaintiffs filed a motion for reargument when the trial court's memorandum of decision failed to address the plaintiffs' claim. We conclude, therefore, that the issue of the plaintiff George Dobuzinsky's entitlement to a separate award of uninsured motorist benefits was sufficiently raised before both the arbitration panel and the trial court, and has been adequately preserved for our review.[2]

The application of insurance signed by the plaintiff George Dobuzinsky describes the uninsured motorist coverage as "combined single limit" "$300,000 each accident." The reverse side of the application provides, however, that "the limits of UNINSURED . . . MOTORIST COVERAGE are applicable ONCE per claim regardless of the number of vehicles or operators on the policy now or in the future." The application also

---

[2] The defendant also argues that the plaintiffs are estopped to raise this issue because the parties agreed that Judith Dobuzinsky's claim would be considered by the arbitrators first. We find no basis in the record on which to conclude that the plaintiffs' agreement to allow the arbitrators to consider Judith's claim first in any way constituted an agreement to forgo George Dobuzinsky's claim that he was entitled to a separate application of the uninsured motorist limits to his claim. We conclude, therefore, that the plaintiffs are not estopped to raise the issue of George Dobuzinsky's entitlement to a separate award of uninsured motorist benefits.

provides that "if accepted, [the application] shall become a part of the contract of insurance . . . ."

The policy declarations subsequently mailed to the plaintiffs describe the uninsured motorist coverage as "$300,000 per accident." Furthermore, the text of the policy provides that "[t]he maximum limit of [the defendant's] liability for Uninsured Motorists Coverage in any one accident is the amount of the Uninsured Motorists Coverage limits shown in the Declarations. This is the most [the defendant] will pay regardless of the number of: (1) Covered persons; (2) Claims made; (3) Vehicles involved in the accident; or (4) Covered autos."

"It is the function of the court to construe the provisions of the contract of insurance. . . . An insurance policy is to be interpreted by the same general rules that govern the construction of any written contract and enforced in accordance with the real intent of the parties as expressed in the language employed in the policy. . . . The determinative question is the intent of the parties, that is, what coverage the . . . [insured] expected to receive and what the [insurer] was to provide, as disclosed by the provisions of the policy. . . .

"If . . . the insurance coverage is defined in terms that are ambiguous, such ambiguity is . . . resolved against the insurance company. Where the terms of the policy are of doubtful meaning, the construction most favorable to the insured will be adopted. . . . [T]his rule of construction favorable to the insured extends to exclusion clauses. . . . A necessary predicate to this rule of construction, however, is a determination that the terms of the [exclusion clause] are indeed ambiguous. . . . Thus, a court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity . . . and [t]he fact that the parties advocate different meanings of [an] exclusion clause does

not necessitate a conclusion that the language is ambiguous. . . . Finally, because the proper construction of a policy of insurance presents a question of law, the trial court's interpretation of the policy is subject to de novo review on appeal." (Citations omitted; internal quotation marks omitted.) *Peerless Ins. Co.* v. *Gonzalez*, 241 Conn. 476, 481–83, 697 A.2d 680 (1997).

Applying the foregoing principles to the policy terms at issue in this case, we conclude that the contract provisions setting forth the limits of the uninsured motorist coverage available to the plaintiffs are ambiguous and, therefore, must be construed in favor of the plaintiffs. The application of insurance signed by the plaintiff George Dobuzinsky, as well as the policy declarations and the text of the policy itself, all provide that the limits of the uninsured motorist coverage are applicable on a per *accident* basis. The application also provides, however, that the limits of the uninsured motorist coverage are applicable once per *claim*.

The defendant argues that the insurance contract is not ambiguous because the "body of the policy" clearly indicates that the limits of the uninsured motorist coverage are applicable on a per accident basis. We disagree. The application signed by the plaintiff George Dobuzinsky states that "if accepted, [the application] shall become a part of the contract of insurance . . . ." The parties, therefore, clearly agreed to make the application for insurance part of the insurance contract between the parties. See 13A J. Appleman & J. Appleman, Insurance Law and Practice (1994 Sup.) § 7583, pp. 46–47 (when application for insurance is made part of insurance contract by reference, contract must be construed according to terms therein as amplified, extended or modified by application). Our Supreme Court has held that "[w]hen interpreting [an insurance policy], we must look at the [policy] as a whole, consider all relevant portions together and, if

possible, give operative effect to every provision in order to reach a reasonable overall result. *O'Brien* v. *United States Fidelity & Guaranty Co.*, 235 Conn. 837, [843], 669 A.2d 1221 (1996)." (Internal quotation marks omitted.) *Hansen* v. *Ohio Casualty Ins. Co.*, 239 Conn. 537, 545–46, 687 A.2d 1262 (1996).

We conclude that the terms of the insurance application and policy that apply the limits of the uninsured motorist coverage on a per accident basis, and the term of the application applying the limits on a per claim basis are irreconcilable and therefore render the insurance contract ambiguous. Accordingly, because any uncertainty caused by that ambiguity must be resolved against the insurer; *Cody* v. *Remington Electric Shavers*, 179 Conn. 494, 497, 427 A.2d 810 (1980); we conclude that the limits of the uninsured motorist coverage available to the plaintiffs under the policy should be applied separately to the plaintiff George Dobuzinsky's claim.

II

The plaintiffs next claim that the trial court improperly affirmed the arbitrators' award, which failed to allow intrapolicy stacking of the uninsured motorist benefits available to the plaintiffs. Specifically, the plaintiffs claim that their uninsured motorist coverage for each of the automobiles listed on their insurance policy with the defendant should be aggregated or stacked to provide $900,000 worth of coverage on three cars that were each insured for $300,000. We disagree.

In *Kent* v. *Middlesex Mutual Assurance Co.*, supra, 226 Conn. 437, our Supreme Court held that "[t]he availability of stacking depends upon the reasonable expectations of the parties to the contract, a determination to be gleaned from the facts and circumstances of each case." In *Kent*, the court relied on several factors to

determine that the plaintiffs had no reasonable expectation that the amount of their underinsured motorist coverage would be stacked. Among the factors considered by the court were (1) the plaintiffs' testimony that they had no expectation of stacked coverage, (2) the language of the policy documents specifically excluding stacking and (3) the plaintiffs' payment of a single actuarially appropriate premium for the underinsured motorist coverage. Id., 434–40. The court stated that "we have found stacking to be available when the insured has paid separate premiums for the [uninsured] motorist coverage afforded to each vehicle. . . . The reason for this is the common sense notion that such a result falls within the reasonable expectations of the parties to the insurance contract . . . because an insured who pay[s] a double premium [can reasonably] expect double coverage. . . . We have noted that [t]his is particularly true when each of the insured vehicles is separately described, the coverage granted under the policy is separately listed for each vehicle, and a separate premium is charged for the coverage afforded to each of the described vehicles." (Citations omitted; internal quotation marks omitted.) Id., 432–33; *Glens Falls Ins. Co.* v. *Sybalsky*, 46 Conn. App. 313, 320–21, 699 A.2d 258, cert. denied, 243 Conn. 929, 701 A.2d 657 (1997).

In the present case, there was substantial evidence to support the arbitrators' determination that the plaintiffs could not have had a reasonable expectation of stacked coverage. The plaintiff George Dobuzinsky signed the application for insurance immediately following the statement: "I understand and acknowledge that the limits of UNINSURED . . . MOTORIST COVERAGE are applicable ONCE per claim regardless of the number of vehicles or operators on the policy now or in the future." Moreover, the insurance policy subsequently

mailed to the plaintiffs provided in part that "the maximum limit of [the defendant's] liability for Uninsured Motorists Coverage in any one accident is the amount of the Uninsured Motorists Coverage limits shown in the Declarations. This is the most [the defendant] will pay regardless of the number of . . . *Covered autos.*" (Emphasis in original.) Finally, the declarations page of the insurance policy specified the limits of coverages and premiums due. Although separate premiums are listed for each of the three vehicles insured by the policy for the bodily injury, basic reparations, property damage and collision coverages, there is no separate premium listed for the uninsured motorist coverage. Instead, the declarations provide that uninsured motorist coverage is limited to "$300,000 per accident" "one premium per policy: $46.00." We note that language identical to that contained in the policy documents in this case has been construed by our Supreme Court to specifically exclude stacking. See *Kent* v. *Middlesex Mutual Assurance Co.*, supra, 226 Conn. 434–36.

Despite the unequivocal language of the policy excluding stacking, the plaintiffs argue that the arbitrators misapplied the standard enunciated by our Supreme Court in *Kent* because they failed to consider evidence that the plaintiffs' insurance agent led them to believe the policy provided for stacked coverage. In addition, the plaintiffs argue that there was no evidence presented by the defendant that the single $46 premium for uninsured motorist coverage was "actuarially appropriate" for coverage of $300,000.

We do not agree that our Supreme Court's decision in *Kent* v. *Middlesex Mutual Assurance Co.*, supra, 226 Conn. 427, requires an arbitration panel to place particular emphasis on any single factor in determining whether the parties to the contract had a reasonable expectation of stacked coverage. Rather, the court stated that "[t]he availability of stacking depends upon

the reasonable expectations of the parties to the contract, *a determination to be gleaned from the facts and circumstances of each case.*" (Emphasis added.) Id., 437. In *Kent,* although the court relied on the fact that the premium charged for uninsured motorist benefits was "actuarially appropriate" for nonstacked coverage, it did not require the insurer to produce such evidence to establish that the parties to the contract had no reasonable expectation of stacked coverage. Id.

We conclude that there was substantial evidence to support the arbitrators' determination that the plaintiffs could not have had a reasonable expectation that their uninsured motorist coverages would be stacked when they purchased their insurance policy from the defendant. The plaintiffs did not pay separate premiums for the uninsured motorist coverages that would entitle them to aggregate coverage. Moreover, the insurance policy at issue expressly excludes stacking. The plaintiffs, therefore, are not entitled to stacked or aggregate coverage.

The judgment is reversed and the case is remanded with direction to render judgment granting the plaintiffs' application to vacate the arbitration award and remanding the case to the arbitration panel for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.