TOWN OF WESTBROOK *v.* ITT HARTFORD
GROUP, INC., ET AL.
(AC 20451)

Lavery, C. J., and Foti and Peters, Js.

768

Argued September 26—officially released November 21, 2000

*Stephen R. Bellis*, for the appellant (plaintiff).

*Andrew J. O'Keefe*, with whom was *Joseph M. Busher, Jr.*, for the appellees (named defendant et al.).

## Opinion

PETERS, J. This civil appeal concerns the responsibility assumed by various insurers to defend a town against claims of tortious, contractual and statutory misconduct arising out of the termination of the town's contract with an architect. The dispositive issue is whether the named insurers were entitled to summary judgment on their contention that the town did not qualify as an insured under the terms of the relevant policies. Contrary to the trial court, we conclude that the town was an insured and that the insurers' motion for summary judgment should have been denied.

The plaintiff, the town of Westbrook (town), filed a complaint to recover the costs it had incurred in its defense against claims arising out of its allegedly wrongful termination of a contract with Carlin, Pozzi, Architects, P.C. (Pozzi). Pozzi had been hired to renovate several town school buildings. It brought two actions, one seeking arbitral relief principally from Robert Godiksen, chairman of the town building committee, and another seeking damages in federal court from a number of persons other than Godiksen. In both actions, Pozzi named the town as a defendant.[1] In the arbitration proceedings, Pozzi alleged wrongful termination, injury to business reputation, tortious interference with contract, bad faith, breach of contract, failure to make payments due under the contract and copyright infringement. In federal court, Pozzi alleged copyright infringement and unfair trade practices. Although the town prevailed in both fora, it paid $487,770.36 in attorney's fees and costs to do so.

In the first count of its complaint, the town sought recovery from the defendants, ITT Hartford Group, Inc., and related insurers,[2] under various insurance policies issued as part of a special "Multi-Flex Policy" (Multiflex Policy).[3] It is undisputed that the events at issue occurred within the policy period. It is likewise undisputed that the defendants denied the town's request for defense in both the arbitration and the federal court proceedings. What is at issue is whether the coverage terms of the various policies protected the town from the loss that it had incurred.

---

[1] In Pozzi's demand for arbitration, "Town of Westbrook" is identified as "the party upon whom demand is made." It is similarly so designated in Pozzi's prehearing memorandum in the arbitration proceedings. In the action brought in federal court, "Town of Westbrook" is the first named defendant.

[2] The defendants that are involved in this appeal are ITT Hartford Group, Inc., Hartford Casualty Insurance Company and Twin City Fire Insurance Company.

[3] The second count of the complaint sought recovery from General Star Indemnity Company. That count is not presently before us.

The parties filed cross motions for summary judgment to resolve this dispute.[4] The court granted the motion filed by the defendants and denied that filed by the town. The town has appealed.

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

If, as in this case, the material facts are undisputed, appellate review of the granting of a motion for summary judgment is plenary. *Burnham* v. *Karl & Gelb, P.C.*, 252 Conn. 153, 156, 745 A.2d 178 (2000). We must decide whether the court properly concluded that the moving party was entitled to judgment as a matter of law. Id. De novo review is especially appropriate in an appeal based on a documentary record, concededly unambiguous, that is identical to the record before the trial court. *Tallmadge Bros., Inc.* v. *Iroquois Gas Transmission System, L.P.*, 252 Conn. 479, 494–95, 746 A.2d 1277 (2000).

Although other insurance coverages also were at issue, the focus of this appeal is on the proper construction of the terms of the "School District Wrongful Act Coverage" (School District Policy) and the relationship of those terms to an endorsement to the Multiflex Policy of the defendant ITT Hartford Group, Inc.[5] In the defendants' motion for summary judgment with respect to the School District Policy, the defendants raised only one issue. They argued that because, in their view, neither the town nor Godiksen was an insured under that policy, the town could not recover for losses that it had incurred in defending against Pozzi's claims.[6]

---

[4] In so doing, each party agreed that the claims at issue do not involve any dispute about material issues of fact.

[5] This coverage was contained within a policy issued by Twin City Fire Insurance Company.

[6] In the special defenses filed by the defendants, they also raised other reasons why the town could not prevail. For example, they claimed that the plaintiff's losses did not fall within the "loss" coverage defined in the School District Policy. In their motion for summary judgment, however, their claim was limited to issues relating to the definition of an insured.

The question before us is whether the town's rights are determined by the definition of "insured" contained in the School District Policy itself or whether, as the town maintains, they are enlarged by an endorsement to the Multiflex Policy. The court agreed with the defendants that only the School District Policy provisions are applicable.[7] The court implicitly recognized that the endorsement to the Multiflex Policy, if applicable, would provide such coverage because Godiksen qualified as an appointed officer or member of any board or commission or agency of the town acting within the scope of his duties as such.[8] The court concluded, nonetheless, that the endorsement was inapplicable because its language did not state expressly that it was so intended and therefore could not override the specific terms of the School District Policy.

The town argues that the court's conclusion was improper because, reading the Multiflex Policy and the School District Policy together, the endorsement provides it coverage. We agree.

The Multiflex Policy is a cover policy applicable, as specified, to all its constituent parts, including the School District Policy. The Multiflex Policy included

---

[7] The relevant provision in the School District Policy states: "Each of the following is an insured under this coverage part: 1. The 'School District' named in the Declarations and, while acting within the scope of their duties as such, its: a. School Board or School Committee; b. Employees; c. Student Teachers; d. School Volunteers; e. Elected or appointed members of the Board of Education, Trustees or School Directors of the 'School District.' " The town has not argued that the court should read this provision to provide coverage for the town or Godiksen with respect to Godiksen's alleged misconduct.

[8] The endorsement, denominated "III12001185T", after first noting that it "also applies to the Commercial Auto Coverage Part," defines the named insured "Town of Westbrook" as: "Westbrook public schools; Westbrook volunteer fire department; Westbrook police department (including all elected and appointed officials, members of boards, committees, commissions and agencies, all employees, agents, volunteers and other such representatives while acting within the scope of their duties as such)."

"Common Policy Declarations" that supplement "coverage parts . . . that are a part of this policy and that are not listed in the coverage parts . . . ." Item nine of the common policy declarations lists additional coverage parts, including an endorsement identified as IH12001185T. Endorsement IH12001185T indisputably contains a broad definition of the "town of Westbrook" that includes those who serve on its boards and committees, as did Godiksen. See footnote 8.[9]

In defense of the court's conclusion, the defendants make two preliminary arguments that do not address the merits. Neither is persuasive.

First, they argue that the town's complaint did not contain a sufficient reference to the endorsement on which the town now relies. Whatever the ambiguities of paragraph twelve of the complaint might be, events have overtaken this argument. The implications to be drawn from the endorsement were considered on their merits by the court.[10] The defendants have not identified where in the record they objected to the court's plenary consideration of this issue. They have taken no appeal from any ruling of the court, evidentiary or otherwise. In effect, this argument has been waived.

Second, the defendants maintain that the town lacked standing to pursue its complaint at trial because only Godiksen was a named defendant in the underlying litigation.[11] As noted previously in this opinion, the court

[9] The defendants have not argued that, even if the endorsement applies, the town is not an insured for the purposes of this litigation.

[10] The defendants correctly observe that the court's opinion did not spell out in detail why, in its view, the endorsement was inapplicable. Although it would have been better practice for the town to have filed a motion for articulation; see Practice Book § 66-5; it called the matter to the court's attention in its motion for reargument, which the court denied.

[11] The defendants also rely on judicial admissions arising out of the town's response to the defendants' request for admissions. The record discloses that the town admitted, inter alia, that Pozzi's claims in arbitration and in the federal court did not name the "School District" as a defendant.

A party's response to a request for admission is binding as a judicial

record looks to the contrary. Furthermore, the court's memorandum of decision does not mention any such possible discrepancy. We lack a basis on which to address this contention further. Although standing is a jurisdictional issue at trial, the defendants have cited no authority to suggest that it is a jurisdictional issue to be heard de novo in this court.

On the merits, the defendants rely, in their brief, as they did at trial, on the terms of the School District Policy by itself. Implicit in that argument is the proposition that the statement of coverage in that policy makes inapplicable any coverage statements that appear elsewhere in the Multiflex Policy. Previously in this opinion, we considered and rejected that argument. At oral argument in this court, to demonstrate further the alleged inapplicability of the endorsement, the defendants maintained that the terms of the endorsement itself preclude its applicability to the School District Policy. They attach significance to the fact that the endorsement states that it "*ALSO APPLIES* TO THE COMMERCIAL AUTO COVERAGE PART."[12] (Emphasis added.) That language, according to the defendants, should be construed as if it read *APPLIES ONLY* TO THE COMMERCIAL AUTO COVERAGE PART. There is no natural equivalence between "ALSO" and "ONLY," and we are

admission unless the judicial authority permits withdrawal or amendment thereof. See Practice Book §§ 13-22, 13-23 and 13-24; see also C. Tait & J. LaPlante, Connecticut Evidence (2d Ed. 1988) § 2.3.3, p. 22. This court has held that judicial admissions are not automatically conclusive. See, e.g., *Days Inn of America, Inc.* v. *161 Hotel Group, Inc.*, 55 Conn. App. 118, 127, 739 A.2d 280 (1999).

In its memorandum of decision, the court did not allude to the admissions that the defendants claim to be conclusive. We have no way of knowing whether the court exercised its discretion to permit their withdrawal or found them irrelevant to the issues before it. We therefore lack an adequate record for addressing this argument.

[12] The record does not reveal, and the parties have not explained, what relevance the Commercial Auto Policy had to the Multiflex Policy that the town purchased.

not prepared to import one. Further, to do so in this case would require us to ignore the remainder of the endorsement, which specifies the coverages to which the endorsement applies. We construe insurance contracts, like other contracts, so as to give effect to all of their provisions. *O'Brien* v. *United States Fidelity & Guaranty Co.*, 235 Conn. 837, 842, 669 A.2d 1221 (1996); *Dobuzinsky* v. *Middlesex Mutual Assurance Co.*, 49 Conn. App. 398, 405, 714 A.2d 702, cert. denied, 247 Conn. 908, 719 A.2d 902 (1998).

Because the town has demonstrated that it is an insured under the Multiflex Policy and its School District component, read conjointly, the grant of summary judgment cannot be sustained on the grounds on which it was rendered. In the absence of any claim by the town that such coverage would not be adequate to cover all its losses, we need not consider whether, as the court held, the town is precluded from recovery under other insurance policies within the Multiflex Policy.

In summary, in view of the endorsement modifying the coverage afforded to the town by the Multiflex Policy, including the School District Policy, the defendants' motion for summary judgment should not have been granted. The judgment of the court in that respect must be reversed.

TOWN'S MOTION FOR SUMMARY JUDGMENT

Without separate discussion of the merits, the court also denied the town's motion for summary judgment. In its motion, the town had alleged that the insurance provisions at issue, including those in the School District Policy and the relevant endorsement, required the defendants to have provided a defense against the Pozzi claims. On appeal, the town reiterates this claim.

The difficulty with the town's appellate analysis is that it assumes that the denial of a motion for summary

judgment is a final judgment that may be appealed immediately. See General Statutes § 51-197a; Practice Book § 61-1. As a general rule, a judgment is not final unless it "so concludes the rights of the parties that further proceedings cannot affect them." *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983). The denial of a motion for summary judgment is not a final judgment and therefore is not ordinarily appealable. *Aetna Casualty & Surety Co.* v. *Jones*, 220 Conn. 285, 295 n.12, 596 A.2d 414 (1991).[13] The town has presented no argument that any special statute or rule provides an exception that permits it to appeal the denial at this juncture, when there are unresolved coverage issues that arguably were not addressed in the motions for summary judgment. We have no jurisdiction to grant the town's request for a summary judgment on its behalf.

The judgment granting the defendants' motion for summary judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.

---

[13] In support of its right to appeal before the trial has commenced, the town cites *Miles* v. *Foley*, 54 Conn. App. 645, 647, 736 A.2d 180 (1999), aff'd, 253 Conn. 381, 752 A.2d 503 (2000), and *Prishwalko* v. *Bob Thomas Ford, Inc.*, 33 Conn. App. 575, 589, 636 A.2d 1383 (1994). These precedents are, however, distinguishable, because neither allowed an immediate appeal in the face of unresolved substantive issues that were not addressed, on their merits, in the trial court's decision denying summary judgment. If all pretrial denials of summary judgment were appealable, appealability would become the general rule and not the exception. That is not our law. See C. Tait & E. Prescott, Connecticut Appellate Practice and Procedure (3d Ed. 2000) § 3.9 (c), p. 94.