LYNDA B. RUGGIERO *v.* ROBERT A. RUGGIERO
(AC 17880)

Foti, Schaller and Daly, Js.

Argued May 27—officially released October 12, 1999

*Zbigniew S. Rozbicki*, for the appellant (plaintiff).

*James V. Somers*, for the appellee (movant).

*Opinion*

FOTI, J. The plaintiff, Lynda B. Ruggiero, appeals from the trial court's order correcting the transcript of the proceedings of a dissolution action between the plaintiff and the defendant.[1] On appeal, the plaintiff claims that (1) the trial court lacked jurisdiction to act, and (2) even if it had jurisdiction to correct the record, the court acted improperly in doing so given the evidence before it. We affirm the judgment of the trial court.

On May 4, 1993, the plaintiff, represented by attorney Maureen E. Donahue, proceeded before the trial court,

---

[1] The defendant, Robert A. Ruggiero, while a party to the underlying dissolution proceeding, is not a party to this appeal.

*Susco, J.,* in a dissolution hearing. Judgment was rendered that day granting a dissolution of the marriage between the plaintiff and the defendant. Subsequently, the plaintiff commenced a legal malpractice action against Donahue. Thereafter, Donahue, citing a number of errors in the transcript of the May 4, 1993 hearing, filed a motion to correct the record, along with a supporting affidavit from the official court reporter for the judicial district where the hearing had been held. The plaintiff filed an objection along with a motion to dismiss, claiming that the court lacked jurisdiction and that Donahue lacked standing.

By memorandum of decision, the trial court, *Dranginis, J.,* denied the plaintiff's motion to dismiss. The court noted that Donahue "claims standing not only because of the continuing jurisdiction in this court of a family matter, but as a commissioner of the Superior Court, she has a continuing duty to alert the court as to a mistake in an official transcript." The court found that "Donahue has standing, but does not need standing to bring to the attention of the court that there should be a correction in its record." Further, the court stated that "[l]egal claims in an appeal or in a subsequent action predicated upon the transcript must be adjudicated upon a correct record. The Superior Court is a court of record, and its record should be correct." The court further stated that a trial court has "a duty to correct its transcript for any ancillary or continuing proceeding, in addition to its duty on an appeal and pursuant to Practice Book § 4051 [now § 66-5]."[2]

---

[2] Practice Book § 4051, now § 66-5, provides in relevant part: "A motion seeking corrections in the transcript or the trial court record or seeking an articulation or further articulation of the decision of the trial court shall be called a motion for rectification or a motion for articulation, whichever is applicable. Any motion filed pursuant to this section shall state with particularity the relief sought. An original and three copies of such motion shall be filed with the appellate clerk. Any other party may oppose the motion by filing an original and three copies of an opposition with the appellate clerk within ten days of the filing of the motion for rectification or articulation.

Thereafter, on June 24 and June 30, 1997, the trial court, *Walsh, J.*, conducted an evidentiary hearing on Donahue's motion. In rejecting the plaintiff's objections, the court incorporated and adopted Judge Dranginis' memorandum of decision denying the plaintiff's motion to dismiss. The court concluded that the corrections sought by Donahue were justified and ordered the transcript corrected. This appeal followed.

I

The plaintiff first claims that the trial court lacked jurisdiction because Donahue lacked standing and because, under the particular circumstances of this case, the court had no power to act. We disagree.

The issue presented is not one of standing but rather of the trial court's inherent power. It is axiomatic that the Superior Court, as part of an independent and separate branch of government, has inherent power to do all that is reasonably necessary to enable the court to discharge its judicial responsibilities and to provide for the efficient administration of justice. By necessity, this includes maintaining proper and accurate records of

"The appellate clerk shall forward the motion for rectification or articulation and the opposition, if any, to the trial judge who decided, or presided over, the subject matter of the motion for rectification or articulation for a decision on the motion. If any party requests it and it is deemed necessary by the trial court, the trial court shall hold a hearing at which arguments may be heard, evidence taken or a stipulation of counsel received and approved. The trial court may make such corrections or additions as are necessary for the proper presentation of the issues raised or for the proper presentation of questions reserved. The trial judge shall file the decision on the motion with the appellate clerk.

"Nothing herein is intended to affect the existing practice with respect to opening and correcting judgments and the records on which they are based. The trial judge shall file any such order changing the judgment or the record with the appellate clerk.

"Corrections made before the record is prepared shall be included in it. If the record has been prepared, the appellate clerk may prepare a supplemental record, to be distributed in the same way as the original record. . . ."

trial court proceedings and correcting, sua sponte, a transcript as part of the court record.[3]

While we recognize that Practice Book § 66-5 concerns the rectification of the record prior to an appeal; see footnote 2; we agree with the trial court that the Superior Court has a duty to ensure that the record is correct for any "ancillary or continuing proceeding . . . ." In this regard, the trial court has the power and the duty to act, in the interest of justice, regardless of how it learns of an impropriety or an error in the record.

## II

The plaintiff next claims that, even if the trial court had the inherent authority to correct the transcript, it could not do so on the basis of the evidence in this case. Specifically, she claims that the original trial judge should have presided at the evidentiary hearing. In addition, she claims the audiotape listened to by the trial court and the testimony of the official court reporter did not constitute a sufficient evidentiary basis for the trial court to have concluded as it did. We disagree.

The plaintiff never objected to Judge Dranginis' or Judge Walsh's hearing the matter, nor did she raise the issue that she raises for the first time on appeal, i.e., that Judge Susco should have conducted the evidentiary hearing. We will not entertain this issue, which is raised for the first time on appeal. *State* v. *Harvey*, 27 Conn. App. 171, 186, 605 A.2d 563, cert. denied, 222 Conn. 907,

---

[3] The importance of this duty is reflected by the fact that trial courts can open judgments to make "clerical modifications or corrections" even after the four month period provided in Practice Book § 17-4, formerly § 326. *DiSimone* v. *Vitello*, 6 Conn. App. 390, 392, 505 A.2d 745 (1986); see also Practice Book § 17-4 (civil judgment or decree may not be opened or set aside unless motion to open or set aside is filed within four months). The expiration of this four month period normally deprives the court of jurisdiction to make substantive modifications to a judgment. *DiSimone* v. *Vitello*, supra, 392.

608 A.2d 693 (1992). Accordingly, we decline to review this claim.

In addition, our review of the record leads us to conclude that the audiotape, as testified to by the official court reporter, was the full and complete record of the proceedings on May 4, 1993. The plaintiff argues that the court monitor who taped the proceedings had to testify for the tape to be admissible. We do not agree. Further, if the plaintiff wanted to question the court monitor, she certainly was free to call that person as her own witness. The plaintiff's claim that there was an insufficient evidentiary basis is without merit.

The judgment is affirmed.

In this opinion the other judges concurred.