EDWIN H. HOCHBERG ET AL. *v.* ZONING COMMISSION
OF THE TOWN OF WASHINGTON ET AL.
(7162)

BORDEN, STOUGHTON and NORCOTT, Js.

Argued April 18—decision released August 15, 1989

*John W. Pickard,* with whom, on the brief, was *David M. Cusick,* for the appellants (plaintiffs).

*Thomas P. Byrne,* for the appellee (named defendant).

*Robert P. Hanahan,* for the appellee (defendant Woodland Associates, Inc.).

BORDEN, J. The plaintiffs appeal from the judgment of the trial court dismissing their zoning appeal for lack of aggrievement. The dispositive issue involves the application of the recent Supreme Court case of *Caltabiano* v. *Planning & Zoning Commission,* 211 Conn. 662, 560 A.2d 975 (1989), to the facts of this case. We conclude that *Caltabiano* controls this case, and we find error.

The facts are undisputed. The defendant Woodland Associates, Inc. (Woodland), secured from the named defendant, the zoning commission of the town of Washington (commission), a special permit to construct a condominium complex on Woodland's forty-nine acre parcel located on the south side of Route 202. The south shoulder of Route 202 consists of a strip of grassy, unpaved land approximately forty-five feet wide. Woodland owns the fee to approximately twenty-seven feet of that shoulder.[1] The plaintiffs own land on the north

---

[1] The state owns the fee to the paved portion of Route 202, and has a highway easement over the entire shoulder, including Woodland's twenty-seven feet.

side of Route 202. The distance from the southwest corner of the plaintiffs' property to the northeast corner of Woodland's portion of the unpaved south shoulder is between eighty and eighty-five feet. The distance from the plaintiffs' property to the edge of Woodland's property beyond the south shoulder is approximately 108 feet.

The plaintiffs appealed to the trial court from the commission's action granting a special permit to Woodland. The trial court concluded that the plaintiffs were not statutorily aggrieved as persons "owning land which . . . is within a radius of one hundred feet of any portion of the land involved in" the decision of the commission, within the meaning of General Statutes § 8-8 (a),[2] and dismissed their appeal.[3] The court reasoned, and the defendants argue on appeal, that the shoulder of Route 202 was not "any portion of the land involved in" the commission's decision because the shoulder was not part of Woodland's application and was not part of the site plan for the condominium complex, and because the commission did not exercise jurisdiction over the shoulder and its decision did not extend to that area.

The plaintiffs claim that the court erred because it misconstrued General Statutes § 8-8 (a). We agree.[4]

---

[2] General Statutes § 8-8 (a) provides in pertinent part: "(a) Any person or persons severally or jointly aggrieved by any decision of said [zoning] board [of appeals], or any person owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision of said board . . . may . . . take an appeal to the superior court . . . . " General Statutes § 8-10 makes this section applicable to appeals from zoning commissions, as in this case.

[3] The plaintiffs do not claim to be abutting owners, because they do not dispute that the state owns the fee to the paved portion of the highway. They also concede that they were not classically aggrieved.

[4] This conclusion renders it unnecessary to consider the plaintiffs' alternative claim of error, namely, that as a factual matter the south shoulder of Route 202 was a part of Woodland's application and site plan, and that the commission's decision did extend to that area.

It has long been the law, and the parties do not dispute, that a highway easement over land owned in fee by a private party does not eliminate that party's fee ownership. See *Ruggiero* v. *East Hartford,* 2 Conn. App. 89, 97, 477 A.2d 668 (1984), and the cases cited therein. Nor do the parties dispute that Woodland owned the south highway shoulder as part of its forty-nine acre parcel. In *Caltabiano* v. *Planning & Zoning Commission,* supra, 663, our Supreme Court held that the term "land involved" in General Statutes § 8-8 (a) "concerns the complete tract of land owned by the applicant rather than the discrete part of it containing the activity considered in the decision of the agency." Thus, the south shoulder of Route 202 was a portion of the land involved in the commission's decision. The plaintiffs in this case were, therefore, statutorily aggrieved by the commission's decision, because they own land within one hundred feet of some portion of the land involved in that decision.

There is error, the judgment is set aside and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.