## JOSEPH KELLEY *v.* JOSEPH TOMAS ET AL.
### (AC 19934)

Foti, Dranginis and Hennessy, Js.

---

147

Argued June 7—officially released October 9, 2001

*Anthony M. Modugno*, with whom was *Frank Modugno*, for the appellant (plaintiff).

*Jeffrey A. Blueweiss,* with whom, on the brief, was *David J. Robertson,* for the appellees (defendants).

*Opinion*

FOTI, J. The present appeal involves a boundary dispute between two adjacent landowners. The plaintiff, Joseph Kelley, appeals from the judgment, rendered after a trial to the court, in this action to quiet title to certain real property at 230-232 Main Street, Norwalk. The court found that the defendants, Joseph Tomas and Mary J. Tomas, have an easement over that property.

On appeal, the plaintiff claims that the court improperly (1) failed to find that he is the fee simple owner of the subject property, (2) allowed certain stairs to continue to encroach on his property, (3) granted an injunction against him, (4) found that the defendants had acquired an easement by necessity and by prescription, (5) failed to provide subordinate facts pursuant to General Statutes § 47-31 (f) in support of the judgment and in response to his motions for articulation, (6) conducted an improper ex parte investigation of facts that were disputed at trial, (7) determined that the defendants had acquired a prescriptive easement when the court could not determine the metes and bounds of the easement with reasonable certainty, (8) found that the defendants had acquired an easement by prescription, (9) found that the defendants had acquired an easement by necessity, (10) allowed the defendants to introduce evidence that contradicted their answer to the complaint and their answers to the plaintiff's requests for admissions, and to introduce evidence that the defendants had failed to provide in response to his interrogatories, (11) denied his motion for default for the defendants' alleged failure to comply with his discovery requests, (12) granted the defendants' motion to amend their answer, (13) failed to grant him a permanent, mandatory injunction that would have

forced the defendants to remove the encroachment on his property and restore it to its original condition, and (14) allowed the defendants to amend their response to his requests for admissions. We affirm the judgment of the trial court.

The court reasonably could have found the following facts that are relevant to our resolution of the plaintiff's appeal. The plaintiff owns certain real property on which a building is located at 230-232 Main Street. The defendants own the adjacent premises at 244 Main Street to the north on which a building is located. The owners of the respective properties rent the apartments in the buildings to individuals. The plaintiff's building has six apartments, and the defendants' building has four apartments.

The defendants' property is landlocked, and parking is not permitted on Main Street in front of the premises. In 1973, the defendants took title to 244 Main Street and, ever since, they and their tenants have always and without interruption parked their vehicles behind the building. To park their cars, however, the defendants and their tenants have had to cross over the rear of the plaintiff's property at 230-232 Main Street. The defendants never asked for or received permission to do so. The defendants believed that they had the right to use the plaintiff's property for that purpose. The plaintiff was fully aware that the defendants and their tenants crossed over his property on a regular basis to park their cars and observed them doing so. The plaintiff never told the defendants to stop crossing over his property for ingress and egress. Without the right to cross the plaintiff's property, there would be no place for the defendants, their tenants or others to access the defendants' property by car.

After parking their cars, the defendants and their tenants, as well as the plaintiff's tenants, would climb

a set of stairs that were between 230-232 Main Street and 240 Main Street. Originally, there were two sets of stairs between the two buildings, one used by the plaintiff and his tenants, the other used by the defendants and their tenants. The stairs were used for people to walk between Main Street and the parking lots in the rear of each of the respective properties.

The stairs had been in existence for many years, and the steps were cracked and uneven. In 1990, as part of a renovation of their apartment building, the defendants tore down and removed both sets of stairs. The defendants did not request permission from the plaintiff prior to removing the stairs. The defendants replaced the old stairs with one new set by replacing the steps, landings and railing. The new stairs encroach onto the plaintiff's property; however, the stairs are used by both the plaintiff and the defendants as well as each parties' tenants.

Approximately five years after the stairs were constructed, the plaintiff filed a five count verified complaint against the defendants. The first count sought to quiet title to the property at 230-232 Main Street. The second count alleged trespass against the defendants for unlawfully entering the plaintiff's land without permission, and removing the stairs and railings that were attached to the plaintiff's building. The complaint further alleged that the defendants had constructed the stairs on the adjoining boundary line, thereby impermissibly encroaching on the plaintiff's property. The third count sought an injunction requiring the defendants to restore the plaintiff's property to its original condition. The fourth count alleged continuous trespass on the part of the defendants, their tenants or both. Finally, the fifth count requested an injunction preventing the defendants and others from entering the plaintiff's property without permission.

The defendants filed an answer and special defenses to the plaintiff's complaint. The defendants' first special

defense asserted laches on the part of the plaintiff. The defendants' second special defense asserted that they had a prescriptive easement over the plaintiff's land. The defendants' third special defense alleged equitable estoppel against the plaintiff, and the fourth special defense alleged that the defendants had acquired an easement by implication over the plaintiff's land.

After trial, the court found that the plaintiff is the owner in fee simple of a parcel at 230-232 Main Street. The court found that the defendants had an easement by prescription over the property. On the basis of the evidence presented at trial, the court could not specify the exact metes and bounds of the easement. The court also found that the defendants had acquired an easement by necessity over the plaintiff's property.

The court further found that the defendants had trespassed onto the plaintiff's property when they removed the original set of stairs. The court ordered the defendants to pay the plaintiff $100 for the trespass. The court also found that in 1990, the defendants replaced the old stairs with new ones that encroach on the plaintiff's property. The court ordered that neither the plaintiff nor the defendants are to interfere with the other's use of the steps, landings and railing located between the two buildings. The court also ordered that the plaintiff is not to interfere with the defendants' use of the rear of the plaintiff's property for ingress and egress. Finally, the court ordered that the defendants are to make reasonable use of their easement over the plaintiff's land only for the purpose of ingress and egress. Additional facts will be set forth as they become necessary to our resolution of the plaintiff's claims.

I

The plaintiff first claims that the court improperly failed to find that he is the fee simple owner of the subject property. The plaintiff claims that the court

improperly concluded that he is the fee simple owner of the premises at 230-232 Main Street while at the same time concluding that his property is subject to an easement. Specifically, the plaintiff claims that the court could not properly have found a fee simple ownership when it also found that the property was subject to an easement. We disagree.

The plaintiff's claim raises a question of law, and, therefore, our review is plenary. See *Faught* v. *Edgewood Corners, Inc.*, 63 Conn. App. 164, 172, 772 A.2d 1142, cert. denied, 256 Conn. 934, 776 A.2d 1150 (2001). "An easement is a property right in a person or group of persons to use the land of another for a special purpose *not inconsistent with the general property right in the owner of the land. . . .* J. Cribbet, Property Law (1962), p. 16." (Emphasis in original; internal quotation marks omitted.) *Public Storage, Inc.* v. *Eliot Street Ltd. Partnership*, 20 Conn. App. 380, 386 n.4, 567 A.2d 389 (1989). "An easement is always distinct from the right to occupy and enjoy the land itself. *It gives no title to the land on which it is imposed,* and confers no right to participate in the profits arising therefrom. Thus, a distinguishing feature of an easement is the absence of all right to participate in the profits of the soil charged with it.

"An easement is neither an estate in land nor the 'land' itself. It is, however, property or an interest in land. Thus, an easement is real property. It is an incorporeal right or hereditament to which property is rendered subject." (Emphasis added.) 25 Am. Jur. 2d 570–71, Easements and Licenses § 2 (1996). This court has implicitly recognized that a property owner retains an interest in fee regardless of the fact that the property is burdened by an easement. See *Mandes* v. *Godiksen*, 57 Conn. App. 79, 81, 747 A.2d 47 ("[t]he plaintiff's appeal solely concerns easements over the plaintiff's land. There is no dispute as to the plaintiff's title in fee

simple to his deeded parcels"), cert. denied, 253 Conn. 915, 754 A.2d 164 (2000). Indeed, "[i]t has long been the law . . . [that an] easement over land owned in fee by a . . . party does not eliminate that party's fee ownership." *Hochberg* v. *Zoning Commission*, 19 Conn. App. 357, 360, 561 A.2d 984 (1989).

Here, the plaintiff's claim that the court could not have found fee simple ownership of the real property in question when it also found that the property was encumbered by an easement is without merit. It is well established that the easement has no effect on the plaintiff's fee ownership. See id. Accordingly, we conclude that the court properly determined that the plaintiff owned a fee simple in the real property at 230-232 Main Street despite the fact that the court also determined that an easement existed over the property.

II

The plaintiff next claims that the court improperly allowed stairs that encroach on his property to remain intact. We disagree.

The following additional facts are necessary for our resolution of the plaintiff's claim. The plaintiff sought removal of the stairs that the defendants had constructed because the stairs encroached on his property. The plaintiff also requested that the defendants replace the prior set of stairs exactly where they were located prior to removal. During the trial, Joseph Tomas testified that he would be willing to return the plaintiff's property to its original condition. The court agreed that the defendants had trespassed on the plaintiff's property; however, the court merely awarded nominal damages of $100 for the trespass because the replacement stairs were in much better condition than were the previous stairs. Moreover, the court found that the stairs belonging to the plaintiff could not be replaced because the defendants' property line was too close to the plain-

tiff's building. The court found that between the property line and the plaintiff's building, there was a maximum width of 2.2 feet at one point, which then narrowed to 1.7 feet. The Norwalk building code required steps to be at least thirty-six inches wide. Thus, the court found that any replacement steps could not be used because they would not satisfy the building code's requirement. The defendants did not object to the use by the plaintiff and his tenants of the stairs that the defendants built between the two buildings, despite the fact that such use also encroaches on the defendants' property.

The plaintiff also argues that because Joseph Tomas indicated that he was willing to return the plaintiff's property to its original condition, the court should have ordered him to do so. The plaintiff further argues that the court allowed a continuing trespass to remain while it merely awarded nominal damages. We disagree.

The plaintiff's first claim, that the court should have ordered the removal of the stairs and the restoration of the previous set of stairs on the basis of what he claims was a "judicial admission" by Joseph Tomas that he was willing to return the plaintiff's property to its original condition, is without merit. The plaintiff essentially claims that because Joseph Tomas conceded that he was willing to undertake that task, the court must have ordered him to do so.

The plaintiff's claims regarding the stairs implicate the court's power to fashion an equitable remedy. "The determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court. *Kakalik* v. *Bernardo*, 184 Conn. 386, 395, 439 A.2d 1016 (1981); *Robert Lawrence Associates, Inc.* v. *Del Vecchio*, 178 Conn. 1, 18–19, 420 A.2d 1142 (1979).

"Our standard of review is whether the trial court abused its discretion. . . . The determination of what equity requires is a matter for the discretion of the trial court. . . . In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action. . . . Our review of a trial court's exercise of the . . . discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did. . . . *Rosenblit* v. *Williams,* 57 Conn. App. 788, 792, 750 A.2d 1131, cert. denied, 254 Conn. 906, 755 A.2d 882 (2000); *Citicorp Mortgage, Inc.* v. *Conant,* 54 Conn. App. 529, 532, 736 A.2d 928, cert. denied, 251 Conn. 909, 739 A.2d 264 (1999)." (Internal quotation marks omitted.) *Kubish* v. *Zega,* 61 Conn. App. 608, 615, 767 A.2d 148, cert. denied, 255 Conn. 949, 769 A.2d 62 (2001).

We address the plaintiff's claim regarding what he describes as a judicial admission on the part of Joseph Tomas by noting that "[a] formal stipulation of facts by the parties constitutes a judicial admission and should usually be adopted by the court deciding the case. . . . An admission concedes the truth of some fact so that no evidence need be offered to prove it. . . . *State* v. *Phidd,* 42 Conn. App. 17, 31, 681 A.2d 310, cert. denied, 238 Conn. 907, 679 A.2d 2 (1996), cert. denied, 520 U.S. 1108, 117 S. Ct. 1115, 137 L. Ed. 2d 315 (1997)." (Internal quotation marks omitted.) *Heise* v. *Rosow,* 62 Conn. App. 275, 281, 771 A.2d 190, cert. denied, 256 Conn. 918, 774 A.2d 137 (2001).

Here, the statement alleged by the plaintiff to be an admission on the part of Joseph Tomas did not admit any facts. Joseph Tomas merely asserted what he was willing to do, i.e., remove the stairs and restore the property to its original condition. The plaintiff does not cite any authority for the proposition that because a party offers to do something during a judicial proceed-

ing, the court must accept that offer and order the party to do so. We are aware of no case that stands for such a proposition. Thus, the plaintiff's claim is without merit.

The plaintiff further claims that the court should not have allowed the defendants to keep the steps on his property. Specifically, the plaintiff argues that the court should have ordered the defendants to remove the stairs and restore his property to its original condition. We disagree.

Here, the court fashioned an equitable remedy to meet the needs of both parties. The court found that it would be useless to order the defendants to remove the stairs and restore the plaintiff's property to its original condition because such an action would result in the construction of stairs that would be in violation of the Norwalk building code. The law does not require the doing of a useless act. We note that at no time did the plaintiff seek only the removal of the stairs from his property. Thus, on the basis of the facts that reasonably were found by the court, we conclude that it did not abuse its discretion when it allowed the stairs to remain despite the fact that they encroached on the plaintiff's property.

### III

The plaintiff next claims that the court improperly granted an injunction against him. The plaintiff argues that the defendants did not allege irreparable harm and lack of an adequate remedy at law, and, therefore, the court improperly issued an injunction because the defendants had failed to establish the necessary elements. The defendants respond that the court did not issue an injunction against the plaintiff, but rather issued an order that he is not to interfere with the defendants' use of the stairs and the driveway in an effort by the court to clarify its equitable decision.

The following facts and procedural history are necessary for our review of the plaintiff's claim. In its memorandum of decision, the court issued the following order: "[N]either the plaintiff nor the defendants are to interfere with the other's use of the steps, landings and railing located between the two buildings. The order also enjoins the plaintiff from interfering with the defendants' use of the rear of the plaintiff's property for ingress and egress to the rear of their property."

Our review of the record does not show that the court issued an injunction against the plaintiff. Paragraph eight of the judgment states: "The court entered an order that neither the plaintiff nor the defendants are to interfere with the other's use of the steps, landings and railing located between the two buildings." The plaintiff apparently confuses an order of the court with an injunction. It was within the court's inherent power to issue the order in an effort to effectuate its equitable remedy. "It is axiomatic that the Superior Court, as part of an independent and separate branch of government, has inherent power to do all that is reasonably necessary to enable the court to discharge its judicial responsibilities and to provide for the efficient administration of justice." *Ruggiero* v. *Ruggiero*, 55 Conn. App. 304, 307, 737 A.2d 997 (1999). Here, the court did not issue an injunction; it exercised its inherent authority to issue an order that would assist in the discharge of the equitable remedy that it decreed.

IV

The plaintiff next claims that the court could not have found that the defendants acquired both an easement by necessity and an easement by prescription.

The plaintiff's claim raises an issue of law, and, consequently, our review is plenary. See *Faught* v. *Edgewood Corners, Inc.*, supra, 63 Conn. App. 172. General Statutes § 47-37 "provides for the acquisition of an easement

by adverse use, or prescription. That section provides: 'No person may acquire a right-of-way or any other easement from, in, upon or over the land of another, by the adverse use or enjoyment thereof, unless the use has been continued uninterrupted for fifteen years.' In applying that section, [our Supreme Court] repeatedly has explained that '[a] party claiming to have acquired an easement by prescription must demonstrate that the use [of the property] has been open, visible, continuous and uninterrupted for fifteen years and made under a claim of right.' *Westchester* v. *Greenwich*, 227 Conn. 495, 501, 629 A.2d 1084 (1993).

"The claim of right requirement has been further explained as follows. Use made under a claim of right means use that is made 'without recognition of the rights of the owner of the servient tenement.' *Zavisza* v. *Hastings*, 143 Conn. 40, 46, 118 A.2d 902 (1955). 'To establish an easement by prescription it is absolutely essential that the use be adverse. It must be such as to give a right of action in favor of the party against whom it has been exercised.' *Whiting* v. *Gaylord*, 66 Conn. 337, 344, 34 A. 85 (1895). The use must occur without license or permission and must be 'unaccompanied by any recognition of [the right of the owner of the servient tenement] to stop such use.' . . . *Westchester* v. *Greenwich*, supra, 227 Conn. 501.

"The claim of right requirement serves to ensure that permissive uses will not ripen into easements by prescription by requiring that the disputed use be adverse to the rights of the owner of the servient tenement. 4 R. Powell, Real Property (1997) § 34-10, pp. 34-111 through 34-133. Nevertheless, 'it is not necessary in order that a use be adverse that it be made either in the belief or under a claim that it is legally justified.' 5 Restatement, Property, Servitudes § 458, comment (d) (1944). Instead, the 'essential quality' is that the use not be made 'in subordination to those against whom it is

claimed to be adverse.' Id. 'A use which is not made in recognition of and in submission to a present authority to prevent it or to permit its continuance is adverse though made in recognition of the wrongfulness of the use and, also, of the legal authority of another to prevent it. Thus, one who uses the land of another in defiance of the owner is none the less an adverse user though he admits his lack of legal justification in making the use.' Id., § 458, comment (c)." *Crandall* v. *Gould*, 244 Conn. 583, 590–91, 711 A.2d 682 (1998).

Here, the court found that from the time that the defendants took title to 244 Main Street in 1973 until the time that the plaintiff commenced the present action, a period of more than twenty years, the defendants and their tenants always and without interruption parked their vehicles behind the premises at 244 Main Street. The court also found that to park their vehicles behind their premises, the defendants and their tenants had to cross the rear of the plaintiff's property. The court further found that although the plaintiff was aware of the defendants' use of his property, he never gave the defendants or their tenants permission to do so. Finally, the court found that the defendants believed that they had the right to cross the plaintiff's property in that manner. Accordingly, on the basis of those findings, the court properly concluded as a matter of law that the defendants had established the required elements for a prescriptive easement. See id.

Because we have determined that the court properly found an easement by prescription, we need not address whether the court properly found an easement by necessity. We note that the defendants' fourth special defense alleged that they have an easement by implication; however, the court framed its judgment in terms of an easement by necessity. "Once the pleadings have been filed, the evidence proffered must be relevant to the issues raised therein. . . . A judgment upon an issue not

pleaded would not merely be erroneous, but it would be void." (Internal quotation marks omitted.) *Vinchiarello* v. *Kathuria*, 18 Conn. App. 377, 384, 558 A.2d 262 (1989). Therefore, because the issue of easement by necessity was not raised in the pleadings as a special defense, the judgment as to that finding is void. See id. Furthermore, on the basis of the circumstances of this case, it is of no consequence that the court improperly found an easement by necessity when the defendants did not allege such an easement in their special defenses. That is because the portion of the judgment as to the court's finding of an easement by necessity is void, and all that is left is the court's finding of an easement by prescription. Therefore, as previously stated, we conclude that the court properly determined that the defendants acquired a prescriptive easement over the plaintiff's property.[1]

---

[1] As a preliminary matter, we note that the plaintiff's brief offers no specific authority that an easement by necessity and an easement be prescription are legally inconsistent theories of recovery. Our independent research has disclosed that one may not acquire an easement by prescription while an easement by necessity remains in existence over the same part of land.

The weight of authority supports the notion that an easement by prescription cannot become an easement by necessity, and vice versa, so long as the necessity remains. "A way of necessity is to be distinguished from a right of way acquired by prescription, since they arise by virtue of different conditions. As a general rule, no matter how long an easement is used as a way of necessity, such use cannot be adverse or confer a prescriptive right. The possession and use are always referable to the right arising from necessity and cannot be made the foundation or ground for the assertion of a higher right." 25 Am. Jur. 2d 622, supra, § 54. "Necessity is not a basis for a prescriptive right. And a right-of-way by necessity cannot ripen into prescription as long as the necessity continues." 2 G. Thompson, Commentaries on the Modern Law of Real Property (1961 Replacement) § 340, p. 209. "A use is adverse if it gives rise to a cause of action. No prescriptive easement may be created unless the landowner is able to prevent the wrongful use by resort to law. It follows that one cannot obtain a negative easement by prescription because, absent nuisance, the claimant's conduct on the claimant's own land is not actionable. Likewise, use of an easement by necessity cannot be considered adverse to the landowner." J. Bruce & J. Ely, Jr., The Law of Easements and Licenses in Land (Rev. Ed. 1995) § 5.03, pp. 5-15 through 5-16.

## V

The plaintiff next claims that the court improperly failed to provide subordinate facts for its conclusion pursuant to § 47-31. Specifically, the plaintiff argues that the court failed to make a detailed factual finding pursuant to § 47-31 (f). For example, the plaintiff claims that the court improperly "failed to state with specific information the identities (names) of the person or persons using the easement, the specific dates that each person or persons used the alleged easement, the exact area that was used by each person or persons, and the acts of each person or persons on which the trial court relied in reaching its decision." We disagree.

The plaintiff asserts that we should review his claim de novo because it raises an issue of law. This court has stated that "the lack of finding of subordinate facts which will support a claim of record title in . . . [a party] is contrary to the mandate of General Statutes 47-31 (f) that the court 'shall . . . render judgment determining the questions and disputes and quieting and settling the title to the property.' Our Supreme Court in *Faiola* v. *Faiola*, 156 Conn. 12, 14, 238 A.2d 405 (1968) interpreted subsection (f) of § 47-31 to require the court to make a detailed finding which gives support to its judgment. 'Since the finding [for the defendant on record title] failed to set out any such subordinate facts, such a conclusion concerning actual title [cannot stand . . . .]' *Loewenberg* v. *Wallace*, [147 Conn. 689, 695, 166 A.2d 150 (1960)]." *DeVita* v. *Esposito*, 13 Conn. App. 101, 110–11, 535 A.2d 364 (1987), cert. denied, 207 Conn. 807, 540 A.2d 375 (1988).

Essentially, the plaintiff is claiming that the court's factual findings are insufficient to support its legal conclusion. In support of his claim, the plaintiff cites *Faiola* v. *Faiola*, supra, 156 Conn. 14, for the proposition that § 47-31 requires the court to make detailed factual find-

ings to support its judgment. That case is inapposite to the present one. In *Faiola,* our Supreme Court stated that the "statutory directive of § 47-31 of the General Statutes [requires that the court] render judgment determining the questions and disputes and quieting and settling the title to such property." (Internal quotation marks omitted.) Id. Our Supreme Court found in that case "[t]he judgment simply found the issues for the defendants." Id. That case is inapposite to the present one because here, the court rendered its judgment on the basis of specific and sufficiently detailed factual findings that supported its legal conclusions. *Faiola* does not stand for the proposition, as the plaintiff would have us believe, that the court must provide a finely detailed memorandum of decision full of minutia to support its judgment. The plaintiff misrepresents the holding in *Faiola,* and we are not aware of any case that supports the plaintiff's theory.

The only legal conclusion of the court that the plaintiff specifically takes issue with in this section of his principal brief is that the court failed to provide facts relating to its finding of an easement by necessity. As we stated in part IV, we need not consider whether the court properly found an easement by necessity because the court properly found an easement by prescription. The plaintiff raises for the first time in his reply brief that the court failed to provide facts regarding its finding of an easement by prescription. "We decline to consider this claim. It is a well established principle that arguments cannot be raised for the first time in a reply brief. *Protter* v. *Brown Thompson & Co.,* 25 Conn. App. 360, 363–64 n.2, 593 A.2d 524 [cert. granted on other grounds, 220 Conn. 910, 597 A.2d 335 (1991) (appeal withdrawn)]; *L. F. Pace & Sons, Inc.* v. *Travelers Indemnity Co.,* 9 Conn. App. 30, 45 n.8, 514 A.2d 766, cert. denied, 201 Conn. 811, 516 A.2d [886] (1986). Claims of error by an appellant must be raised in his original brief . . . so

that the issue as framed by him can be fully responded to by the appellee in its brief, and so that we can have the full benefit of that written argument. Although the function of the appellant's reply brief is to respond to the arguments and authority presented in the appellee's brief, that function does not include raising an entirely new claim of error. . . . *Commissioner of Health Services* v. *Youth Challenge of Greater Hartford, Inc.*, 219 Conn. 657, 659 n.2, 594 A.2d 958 (1991). *State* v. *Torres*, 31 Conn. App. 443, 445–46 n.1, 625 A.2d 239 (1993) [aff'd, 230 Conn. 372, 645 A.2d 529 (1994)]." (Internal quotation marks omitted.) *Williams Ford, Inc.* v. *Hartford Courant Co.*, 232 Conn. 559, 593–94 n.26, 657 A.2d 212 (1995). Accordingly, because it is the only claim raised in this section of the plaintiff's principal brief, we decline to address the claim that the court did not find subordinate facts to support its legal conclusion that the defendants had acquired an easement by necessity over the plaintiff's property.[2]

## VI

The plaintiff next claims that the court conducted an improper ex parte investigation of the facts disputed at trial by eliciting testimony from a witness who did not testify at trial. We disagree.

---

[2] Because the plaintiff does not address any of the court's other legal conclusions in his principal brief, we will not address those other conclusions. Issues not briefed are abandoned. "We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . *Raymond* v. *Rock Acquisition Ltd. Partnership*, 50 Conn. App. 411, 420, 717 A.2d 824 (1998); see also *State* v. *Leary*, 51 Conn. App. 497, 499, 725 A.2d 328 (1999); *Blakeney* v. *Commissioner of Correction*, 47 Conn. App. 568, 586, 706 A.2d 989, cert. denied, 244 Conn. 913, 713 A.2d 830 (1998). Where a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned." . . . *In re Brandon W.*, 56 Conn. App. 418, 425, 747 A.2d 526 (2000)." (Internal quotation marks omitted.) *Elm Street Builders, Inc.* v. *Enterprise Park Condominium Assn., Inc.*, 63 Conn. App. 657, 659 n.2, 778 A.2d 237 (2001).

The following additional facts are helpful to our resolution of the plaintiff's claim. The plaintiff filed a motion for articulation that requested of the court: "State the factual basis for the court's determination that 'the defendants proved that ever since they took title of 244 Main Street in 1973, they and their tenants always and without interruption parked their motor vehicles behind the defendants' premises from 1973 to 1995 when this action started. In order to do so, they had to cross the rear of the plaintiff's property." On appeal, the plaintiff takes issue with the court's response, which indicated that it had based its determination on the "[t]estimony of the defendants, a former tenant and the daughter of the individual who sold the property to the defendants." The court subsequently indicated in a corrected response to the motion for articulation that "[u]pon receiving and reviewing excerpts of the transcript of the trial, which was furnished for the first time this past week, the court notes, as the plaintiff correctly points out, that it sustained the objection of the plaintiff to permitting the testimony of [Katherine Lamb], 'the daughter of the individual who sold the property to the defendants,' because of an inadequate disclosure by the defendants of her name and address in response to a motion for disclosure. Hence, Ms. Lamb did not testify, and this corrected response to the plaintiff's motion for articulation is filed to delete the reference to her testimony."[3]

---

[3] The court further noted in its corrected response: "Not having the transcript at the time the motion for articulation was answered, this court apparently relied on a trial note that mentioned Ms. Lamb being called as a witness by the defendant, but the reference unfortunately was not sufficiently detailed to further note that she did not actually testify based on the objection of the plaintiff. The correction does not in any way change the decision or judgment rendered in this case.

"Furthermore, this court does not intend to respond to the statement in the plaintiff's brief to the Appellate Court that the court 'conducted an improper ex parte investigation of facts disputed at trial' or '[relied]' on the testimony of a person who did not testify at trial to support its decision.' It is assumed that the plaintiff has evidence to substantiate either the so-

The plaintiff claims that because Lamb did not testify at trial, the court either conducted an improper ex parte investigation of facts disputed at trial or relied on the testimony of a person who did not testify at trial in violation of the Code of Judicial Conduct. In response, the defendants argue that the court neither conducted an improper ex parte investigation nor relied on the testimony of a person who did not testify at trial in support of its decision. We agree with the defendants.

Here, the plaintiff makes a bald assertion that the court either conducted an improper ex parte investigation or relied on the testimony of a person who did not testify at trial when it rendered its decision. The record does not lend any support to the plaintiff's claim, and the court's corrected response to the motion for articulation clarifies its previous misstatement. After reviewing the record, we conclude that the plaintiff's claim is without merit and that the record supports the court's decision.

## VII

The plaintiff next claims that the court improperly determined that the defendants had acquired a prescriptive easement over the plaintiff's property where the court was unable to determine the boundaries of the easement with reasonable certainty. We disagree.

The following additional facts are helpful to our resolution of the plaintiff's claim. The court stated in its memorandum of decision that "[i]t is not possible to specify precisely the metes and bounds of the easement over the plaintiff's property, although a survey prepared by a witness for the plaintiff actually does refer to a 'Gravel Drive, R.O.W.' over the plaintiff's property from Longview Court to the defendants' property." The court

called 'ex parte investigation' or that the court could somehow have relied on the testimony of a person who did not testify."

further stated that such delineation was not necessary because the defendants and their tenants crossed the plaintiff's property for approximately twenty-five years without incident.

The plaintiff's claim raises a question of law and, therefore, our review is plenary. See *Faught* v. *Edgewood Corners, Inc.*, supra, 63 Conn. App. 172. "A prescriptive right cannot be acquired unless the use defines its bounds with reasonable certainty." *Kaiko* v. *Dolinger*, 184 Conn. 509, 511, 440 A.2d 198 (1981). The plaintiff argues that the court's description does not describe the easement with reasonable certainty, and, therefore, the court's conclusions are improper.

In response to a motion for articulation, in which the plaintiff asked the court to provide the bounds of the easement, the court responded: "The exact route was from the nearby public street, over the pavement to the rear of the plaintiff's property and directly to the rear of the defendants' property in order to park." Neither party introduced evidence that outlined the exact metes and bounds of the easement area. Therefore, any deficiency in the particularity of the description of the easement is deemed waived. See *Schulz* v. *Syvertsen*, 219 Conn. 81, 92–93, 591 A.2d 804 (1991).[4]

---

[4] The plaintiff argues in his reply brief that he did not waive a determination of the metes and bounds of the easement because there was no agreement to provide any maps or surveys to the court. The plaintiff argues that because he did not have the burden of proof to establish the existence of an easement, he was under no obligation to present such testimony. We do not agree.

"The burden of proof rests upon the defendants, who claim the right-of-way as a special defense, to show the existence of all facts necessary to prove the right-of-way . . . ." *Branch* v. *Occhionero*, 239 Conn. 199, 205, 681 A.2d 306 (1996). Here, although the defendants had the burden of proof to establish the easement, the defendants did not have to establish the metes and bounds of the easement with the exactitude that the plaintiff suggests is necessary. Further, the plaintiff did not introduce evidence to show the exact location of the easement. Thus, the plaintiff acted at his peril that the court would not make the more specific findings that he desired. Accordingly, we conclude that the court's findings are sufficiently specific to establish the easement and that the plaintiff waived any deficiency in the court's description of the easement. See *Schulz* v. *Syvertsen*, supra, 219 Conn. 92–93.

## VIII

The plaintiff next claims that the court improperly found that the defendants acquired an easement by prescription over his property. We disagree.

We already have concluded in part IV that the court's conclusion was correct as a matter of law. The plaintiff's claims in this section of his principal brief attack the factual findings made by the court.

This court's review of the trial court's factual findings is limited. "Unless a finding of fact is clearly erroneous, it must be sustained on appeal. Practice Book § 60-5; see *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221, 435 A.2d 24 (1980), and its progeny. It does not matter whether the findings are supported by indirect or direct evidence. See, e.g., *State* v. *Figueroa*, 235 Conn. 145, 163–64, 665 A.2d 63 (1995); *State* v. *Boucino*, 199 Conn. 207, 228, 506 A.2d 125 (1986); *State* v. *Mazzetta*, 21 Conn. App. 431, 433–35, 574 A.2d 806, cert. denied, 216 Conn. 807, 580 A.2d 64 (1990)." *Citibank (South Dakota), N.A.* v. *Gifesman*, 63 Conn. App. 188, 191, 773 A.2d 993 (2001).

Here, we do not find that the court's factual findings were clearly erroneous. As we already have concluded in part IV, the court properly found as a matter of law that the defendants were entitled to an easement by prescription over the plaintiff's property. To the extent that the plaintiff takes issue in this section of his principal brief with the court's factual findings relating to the easement by prescription, we have thoroughly reviewed the record and conclude that the court's factual findings are supported by the record and thus were not clearly erroneous. Accordingly, we conclude that the court properly found that the defendants acquired an easement by prescription over the plaintiff's property.

## IX

The plaintiff next claims that the court improperly found that the defendants acquired an easement by necessity over his property. Specifically, the plaintiff claims that the court could not find an easement by necessity because the defendants' special defenses did not claim an easement by necessity, but only an easement by implication. Nevertheless, because we already have concluded that the court properly found that the defendants acquired an easement by prescription in parts IV and VIII, we need not decide whether the court properly found that the defendants acquired an easement by necessity.[5]

---

[5] As noted in part IV, the defendants' fourth special defense claimed an easement by implication; however, the court framed its judgment, in part, in terms of an easement by necessity. The plaintiff argues that the court's finding was improper because the defendants did not claim an easement by necessity, and, therefore, they cannot recover under that theory. We do not agree because, by properly finding the elements for an easement by prescription, the court's finding of an easement by necessity provided nothing more than an alternative ground for recovery. Further, because the issue of an easement by necessity was not properly before the court in the pleadings, the portion of the court's judgment finding an easement by necessity is void. See *Vinchiarello* v. *Kathuria*, supra, 18 Conn. App. 384. We conclude that any error was harmless, however, because, on the basis of the circumstances of this case, the error did not affect the court's finding that the defendants acquired an easement by prescription.

For purposes of discussion only, we note: "Some states recognize a distinction between easements by implication and easements by necessity and the rule adopted in reference to the creation of the former is that such rights, and such rights only, may be so acquired as in the nature of the case must be presumed to have been in the contemplation of the parties, and the necessity of the use for the convenient enjoyment of the premises is a material consideration in determining whether the easement will be implied.

"So it is held that the necessity in establishing an easement by implication is one of reasonableness while the necessity in creating an 'easement of necessity' is absolute. An easement by necessity *is not dependent upon the previous existence of quasi easements but is implied because the land could not otherwise be utilized.*" (Emphasis added.) 2 G. Thompson, Commentaries on the Modern Law of Real Property (1961 Replacement) § 353, pp. 331–32.

Connecticut does not distinguish the requirements of necessity when comparing an easement by implication and an easement by necessity. Indeed,

## X

The plaintiff next claims that the court improperly allowed the defendants "to introduce evidence in con-

our Supreme Court has stated: "[I]n so far as necessity is significant it is sufficient if the easement is highly convenient and beneficial for the enjoyment of the portion granted. . . . The reason that absolute necessity is not essential is because fundamentally such a grant by implication depends on the intention of the parties as shown by the instrument and the situation with reference to the instrument, and it is not strictly the necessity for a right of way that creates it." (Citation omitted; internal quotation marks omitted.) *D'Amato* v. *Weiss*, 141 Conn. 713, 717, 109 A.2d 586 (1954).

The law relating to easements by necessity in Connecticut is well established. "[A]n easement by necessity will be imposed where a conveyance by the grantor leaves the grantee with a parcel inaccessible save over the lands of the grantor, or where the grantor retains an adjoining parcel which he can reach only through the lands conveyed to the grantee. . . . [B]ut to fulfill the element of necessity, the law may be satisfied with less than the absolute need of the party claiming the right of way. The necessity need only be a reasonable one." (Citations omitted.) *Hollywyle Assn., Inc.* v. *Hollister*, 164 Conn. 389, 398–99, 324 A.2d 247 (1973).

Similarly, "[i]n this state, the law regarding easements by implication arising out of the severance of title of two adjoining or commonly owned properties is well settled. Where, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another, which at the time of the severance is in use, and is reasonably necessary for the fair enjoyment of the other, then, upon a severance of such ownership . . . there arises by implication of law a . . . reservation of the right to continue such use. . . . [I]n so far as necessity is significant it is sufficient if the easement is highly convenient and beneficial for the enjoyment of the dominant estate." (Internal quotation marks omitted.) *Pender* v. *Matranga*, 58 Conn. App. 19, 27, 752 A.2d 77 (2000). We of course note that our Supreme Court has abrogated the unity of title doctrine. *Bolan* v. *Avalon Farms Property Owners Assn., Inc.*, 250 Conn. 135, 144–45, 735 A.2d 798 (1999) (en banc).

The difference between the two types of easements is that an easement by necessity requires the party's parcel to be landlocked, and an easement by implication does not require that the parcel be landlocked. An additional difference is that an easement by necessity does not require that the parcel have a preexisting use of an apparent servitude at the time of severance; see *Hollywyle Assn., Inc.* v. *Hollister*, supra, 164 Conn. 398–99; whereas an easement by implication requires such an apparent servitude to be existing at the time of severance, and that the use of the apparent servitude be reasonably necessary to the use and enjoyment of the grantee's property. *Pender* v. *Matranga*, supra, 58 Conn. App. 27.

In the present case, although it is true that the defendants' fourth special

tradiction to their answers to the complaint, and their answers to the plaintiff's requests for admission and to introduce evidence that defendants failed to provide in response to the plaintiff's interrogatories." The plaintiff claims that the court improperly made evidentiary rulings in abuse of its discretion. We are unable to review the plaintiff's claim, however, because he has failed to comply with Practice Book § 67-4.[6]

The plaintiff's brief fails to set forth the specific evidence that the court either excluded or admitted, the objections, the grounds for the objections, the claimed grounds for admissibility or the evidentiary rulings by the court that allow for a review of those claims. "When raising evidentiary issues on appeal, all briefs should identify clearly what evidence was excluded or admitted, where the trial counsel objected and preserved his rights and why there was error. *Aspiazu* v. *Orgera*, 205 Conn. 623, 636–37 n.5, 535 A.2d 338 (1987). The mere assertion in a brief that evidence was improperly

defense alleges an easement by implication rather than an easement by necessity, we need not address whether the court's finding of an easement by necessity was improper because that issue was outside of the pleadings and, thus, was not properly considered by the court. As previously noted, there are different elements for the two types of easements. Nevertheless, any error by the court relating to its finding of an easement by necessity was harmless because that finding pertained to an issue outside of the pleadings, and the court properly found that the defendants had acquired an easement by prescription. Thus, we need not reach the plaintiff's claim of error to resolve his appeal.

[6] Practice Books § 67-4 provides in relevant part: "(d) The argument, divided under appropriate headings into as many parts as there are points to be presented, with appropriate references to the statement of facts or to the page or pages of the transcript or to the relevant document. The argument on each point shall include a separate, brief statement of the standard of review the appellant believes should be applied.

\* \* \*

"(3) When error is claimed in any evidentiary ruling in a court or jury case, the brief or appendix shall include a verbatim statement of the following: the question or offer of exhibit; the objection and the ground on which it was based; the ground on which the evidence was claimed to be admissible; the answer, if any; and the ruling. . . ."

excluded, coupled with transcript page references, will not be sufficient. *State* v. *Bagley*, 35 Conn. App. 138, 145, 644 A.2d 386, cert. denied, 231 Conn. 913, 648 A.2d 157 (1994); *State* v. *Russell*, 29 Conn. App. 59, 63, 612 A.2d 809, cert. denied, 224 Conn. 908, 615 A.2d 1049 (1992). For evidentiary rulings claimed to be improper to be reviewed by this court, they must be set forth in the briefs as required and outlined by the rules of practice. *State* v. *Russell*, supra, 63; *State* v. *Siller*, 12 Conn. App. 395, 402, 530 A.2d 1106, cert. denied, 205 Conn. 811, 532 A.2d [587] (1987)." (Internal quotation marks omitted.) *Roberto* v. *Honeywell, Inc.*, 43 Conn. App. 161, 163, 681 A.2d 1011, cert. denied, 239 Conn. 941, 684 A.2d 712 (1996). On the basis of the foregoing, we decline to address the plaintiff's evidentiary claim.

## XI

The plaintiff next claims that the court, *D'Andrea, J.*, improperly denied the plaintiff's motion for default for the defendants' alleged failure to comply with his discovery requests. The plaintiff also claims that the court improperly denied several of his discovery requests and improperly ordered the parties to make no further discovery requests because the court found that the parties had been abusing the discovery process. In this section of his brief, the plaintiff fails to specifically identify the discovery rulings by the court and the objections thereto. Therefore, that section of the plaintiff's brief fails to comport with Practice Book § 67-4 (d) (4) and (5).[7] The plaintiff's brief merely asserts his

---

[7] Practice Book § 67-4 (d) provides in relevant part: "(4) When error is claimed in any other ruling in a court or jury case, the brief or appendix shall include the pertinent motion or pleading as well as any other pertinent documents which are a part of the trial court case file but are not included in the record.

"(5) When the basis of an evidentiary or other ruling referred to in subsection (d) (3) or (d) (4) cannot be understood without knowledge of the evidence or proceeding which preceded or followed the ruling, a brief narrative or verbatim statement of the evidence or proceeding should be made. A verbatim excerpt from the transcript should not be used if a narrative

arguments without specifically identifying the court's ruling and applying the applicable law thereto. "Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) *Gray* v. *State*, 51 Conn. App. 689, 694, 725 A.2d 364 (1999). We decline to review the plaintiff's claim because it has not been adequately briefed.

## XII

The plaintiff next claims that the court improperly granted the defendants' motion to amend their answer to the plaintiff's complaint. The plaintiff argues that he was prejudiced by the court's decision to allow the defendants to amend their answer. We disagree.

The following additional facts are necessary for our review of the plaintiff's claim. Trial occurred on February 4, 5 and 9, 1999. By motion dated February 9, 1999, the defendants moved to amend their answer to paragraph two of the plaintiff's complaint. The defendants claimed that the amendment was necessary because the plaintiff claimed, for the first time during the course of the trial, "that the term 'absolute owner and in possession' as used in this paragraph of his complaint means that the defendants do not have an easement over the plaintiff's property." The defendants argued that they did not interpret the term absolute owner in possession in the same manner as the plaintiff then was claiming the term to mean, but rather the defendants accorded the term to mean that an easement over land owned in fee simple does not eliminate a party's fee ownership.

---

statement will suffice. When the same ruling is repeated, the brief should contain only a single ruling unless the other rulings are further illustrative of the rule which determined the action of the trial court or establish the materiality or harmfulness of the error claimed. The statement of rulings in the brief shall include appropriate references to the page or pages of the transcript. . . ."

The court, *Lewis, J.*, granted the defendants' motion to amend.[8] The plaintiff argues that he was prejudiced by the court's decision. The plaintiff claims that he would have tried the case differently had the defendants originally answered the complaint in the same way as they did in their amended answer.

"Whether to grant a request to amend the pleadings is a matter within the discretion of the trial court, and this court will rarely overturn the decision of the trial court. . . . Judicial discretion . . . is always legal discretion, exercised according to the recognized principles of equity. . . . While its exercise will not ordinarily be interfered with on appeal to this court, reversal is required where the abuse is manifest or where injustice appears to have been done. (Citations omitted; internal quotation marks omitted.) *Bauer* v. *Waste Management of Connecticut, Inc.*, 239 Conn. 515, 521, 686 A.2d 481 (1996).

"Under the statutes and rules of practice, the court may in its discretion, in a proper case, allow the filing of amendments to pleadings before, during and after trial. [*Wright* v. *Coe & Anderson, Inc.*, 156 Conn. 145, 155, 239 A.2d 493 (1968)]; see *Moore* v. *Sergi*, 38 Conn. App. 829, 835–37, 664 A.2d 795 (1995). Amendments should be made seasonably. Factors to be considered in passing on a motion to amend are the length of delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment. . . . *Connecticut National Bank* v. *Voog*, 233 Conn. 352, 364,

---

[8] The defendants' original answer admitted paragraph two; however, the defendants' amended answer, paragraph two, stated: "If it is the plaintiff's claim that the phrase 'absolute owner and in possession' as used in this paragraph means that the defendants do not have an easement over the plaintiff's property, then this paragraph is denied. To the extent that this phrase was intended to be given its customary meaning that an 'easement over land owned in fee by a private party does not eliminate that party's fee ownership' . . . thus making it possible for the defendants to have the easement that they claim, it is admitted."

659 A.2d 172 (1995). *Constantine* v. *Schneider*, 49 Conn. App. 378, 389, 715 A.2d 772 (1998). The essential tests are whether the ruling of the court will work an injustice to either [party] and whether the granting of the motion will unduly delay a trial. *Moore* v. *Sergi*, supra, 836, quoting *Smith* v. *New Haven*, 144 Conn. 126, 132, 127 A.2d 829 (1956). . . . *Constantine* v. *Schneider*, supra, 390." (Internal quotation marks omitted.) *Isaac* v. *Truck Service, Inc.*, 52 Conn. App. 545, 549, 727 A.2d 755 (1999), aff'd, 253 Conn. 416, 752 A.2d 509 (2000).

As we already have concluded in part I, the plaintiff's contention that property that is owned in fee simple cannot be subject to an easement is absolutely wrong. Accordingly, on the basis of our review of the record, the court did not abuse its discretion when it allowed the defendants to amend their answer to reflect an accurate statement of the law regarding the term absolute owner in possession.

## XIII

The plaintiff next claims that the court improperly failed to grant him a permanent, mandatory injunction that required the defendants to remove the stairs that they had constructed on his property and to restore it to its original condition. We disagree.

In his verified complaint, the plaintiff's prayer for relief sought, inter alia, an injunction requiring the defendants to remove the stairs on his property and to restore it to its original condition. The court declined to grant the plaintiff an injunction.

Because the plaintiff's claim basically is repetitious of his second claim on appeal, we decline to review it further. As we concluded in part II, the court issued an equitable order and, on the basis of the facts and circumstances of this case, did not abuse its discretion in fashioning its equitable remedy. Therefore, for the

same reasons that we articulated in part II, the court did not abuse its discretion when it declined to order the defendants to remove the stairs on the plaintiff's property and restore it to its original condition.[9]

## XIV

Finally, the plaintiff claims that the court, *Hickey, J.*, improperly allowed the defendants to amend their responses to his requests for admissions. We disagree.

The following additional facts and procedural history are relevant for our review of the plaintiff's claim. On August 29, 1997, the defendants filed a motion for permission to amend their responses to the plaintiff's requests for admissions. The plaintiff had directed the defendants to respond to 128 requests for the admission of facts and twenty-two requests to admit that certain documents were genuine. The defendants' counsel at the time of the request was unable to comply within the time constraints of our rules of practice[10] due to personal problems. The defendants obtained new counsel, who has remained for the duration of this matter and filed an appearance shortly after the time expired

[9] Given the numerous and repetitive claims in the plaintiff's appeal, we note: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues. . . . Most cases present only one, two, or three significant questions. . . . Usually . . . if you cannot win on a few major points, the others are not likely to help. . . . The effect of adding weak arguments will be to dilute the force of the stronger ones. . . . *Mozell* v. *Commissioner of Correction,* 51 Conn. App. 818, 822, 725 A.2d 971 (1999)." (Internal quotation marks omitted.) *State* v. *Riddick,* 61 Conn. App. 275, 290, 763 A.2d 1062, cert. denied, 255 Conn. 946, 769 A.2d 61 (2001).

[10] Practice Book § 13-23 (a) provides in relevant part: "Each matter of which an admission is requested is admitted unless, within thirty days after the filing of the notice required by Section 13-22 (b), or within such shorter or longer time as the judicial authority may allow, the party to whom the request is directed files and serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney. . . ."

within which to respond to the requests for admissions. Because of the defendants' untimely response, the plaintiff deemed all of his requests to have been admitted and filed a motion for summary judgment that relied on the requests being deemed admitted.

On October 1, 1997, the court, *Hickey, J.*, granted the defendants' motion to amend their responses to the plaintiff's requests for admissions. The court found that the plaintiff would not be prejudiced by allowing the defendants to amend their responses. The court further found that if it denied the motion, the defendants' ability to defend themselves on the merits of the case would be severely prejudiced. The court found that the defendants should not be prejudiced due to the excusable incapacity of their original counsel to respond to the plaintiff's requests. Thus, the court found that the equities of the case favored allowing the defendants to amend their responses to the plaintiff's requests for admissions.

"A party's response to a request for admission is binding as a judicial admission unless the judicial authority permits withdrawal or amendment thereof. See Practice Book §§ 13-22, 13-23 and 13-24; see also C. Tait & J. LaPlante, Connecticut Evidence (2d Ed. 1988) § 2.3.3, p. 22." *Westbrook* v. *ITT Hartford Group, Inc.*, 60 Conn. App. 767, 772–73 n.11, 761 A.2d 242 (2000).

"Our courts have pursued a liberal policy in allowing amendments." *Johnson* v. *Toscano*, 144 Conn. 582, 587, 136 A.2d 341 (1957). "A trial court has wide discretion in granting or denying amendments to the pleadings and only rarely will this court overturn the decision of the trial court. *Citizens National Bank* v. *Hubney*, 182 Conn. 310, [313], 438 A.2d 430 (1980). *Hanson Development Co.* v. *East Great Plains Shopping Center, Inc.*, 195 Conn. 60, 67, 485 A.2d 1296 (1985). To reverse a

ruling of the trial court allowing an amendment to the pleadings requires that the defendant make a clear showing of abuse of discretion. *Saphir* v. *Neustadt*, 177 Conn. 191, 206, 413 A.2d 843 (1979)." (Internal quotation marks omitted.) *Neiditz* v. *Housing Authority*, 231 Conn. 598, 601, 651 A.2d 1295 (1995).

"In determining whether there has been an abuse of discretion, much depends on the circumstances of each case. . . . *Cummings* v. *General Motors Corporation*, 146 Conn. 443, 449, 151 A.2d 884 [1959]; *Antonofsky* v. *Goldberg*, 144 Conn. 594, 597, 136 A.2d 338 [1957]. *DuBose* v. *Carabetta*, 161 Conn. 254, 263, 287 A.2d 357 (1971). In the final analysis, the court will allow an amendment unless it will cause an unreasonable delay, mislead the opposing party, take unfair advantage of the opposing party or confuse the issues, or if there has been negligence or laches attaching to the offering party. *Crowell* v. *Middletown Savings Bank*, 122 Conn. 362, 189 A. 172 (1937). *Moore* v. *Sergi*, [supra, 38 Conn. App. 836]." *McNeil* v. *Riccio*, 45 Conn. App. 466, 474, 696 A.2d 1050 (1997).

We have reviewed the record and the arguments of counsel in the present case, and we conclude that the court did not abuse its discretion when it allowed the defendants to amend their responses to the plaintiff's requests for admissions. The plaintiff's argument that the court somehow applied the wrong standard when it allowed the defendants to amend is unfounded and is, therefore, without merit. The court did not abuse its discretion when it allowed the defendants to amend their responses to the plaintiff's requests for admissions pursuant to Practice Book § 13-24 (a).[11]

---

[11] Practice Book § 13-24 (a) provides: "Any matter admitted under this section is conclusively established unless the judicial authority on motion permits withdrawal or amendment of the admission. The judicial authority may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the judicial authority that withdrawal or amendment will prejudice such party in maintaining his or her action or defense

on the merits. Any admission made by a party under this section is for the purpose of the pending action only and is not an admission by him or her for any other purpose nor may it be used against him or her in any other proceeding."