[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #114
On June 6, 2000, the plaintiff, Christian McNeil, filed a two count complaint against the defendants, Robert L. Silverman and Esther-Grace Silverman (collectively, the defendants) seeking a declaratory judgment of either an express easement (count one) or an easement by necessity (count two) over the defendants' property.
The plaintiffs complaint alleges the following pertinent facts: The plaintiff is the owner of a 2.6 acre parcel of land in the town of Weston (the parcel). The parcel does not have direct access to a public highway and would be land-locked but for an appurtenant easement over the defendants' property which abuts the public highway known as Steep Hill Road (the highway). Every deed of conveyance in plaintiffs chain of title, including and preceding the root of title, includes a reference to an easement over the defendants' property. This easement originated in a probate distribution of the estate of Ephram Lyon in 1797. Also, every deed of conveyance in the defendants' chain of title, including the defendants' predecessor's deed, is expressly subject to "easements of record." The defendants' parcel is therefore burdened with an easement for the benefit of the plaintiffs land. The defendants have failed and CT Page 8707 refused to recognize this easement and as a result, the plaintiffs land has been deprived of substantially all value and practical utility.
The defendants moved for summary judgment on the ground that the Marketable Record Title Act, (MRTA), General Statutes §§ 47-33b
through 47-33e, bars the plaintiffs claims. The plaintiff filed a reply to the defendants' motion along with supporting documentation. In his memorandum of law, the plaintiff notes that the provisions of the MRTA extinguish any express easement ever created. He concedes that summary judgment should be granted as to count one of his complaint. Accordingly, summary judgment is granted as to count one and the court will now focus on whether there is a genuine issue of material fact as to the second count, claiming an easement by implication and by reasonable necessity.
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . A material fact . . . [is] a fact which will make a difference in the result of the case." (Brackets in original, citations omitted; internal quotation marks omitted.) H.O.R.S.E. of Connecticut,Inc. v. Washington, 258 Conn. 553, 558-59, 783 A.2d 993 (2001).
The defendants argue that the MRTA extinguishes the plaintiffs easement by necessity. They rely on Larson v. Hammonassett Fishing Assn., Inc., Superior Court, judicial district of Middlesex at Middletown, Docket No. 068175 (March 15, 1996, Higgins, J.), aff'd, 44 Conn. App. 908,688 A.2d 373 (1997) (per curium); for the proposition that the MRTA does apply to easements by necessity. In that case, the court held that any easement by necessity that may have existed or been created by a deed created in 1914 was barred by the provisions of the MRTA. Id. In response, the plaintiff argues that the MRTA does not apply to easements by implication or reasonable necessity[1] but rather it only applies to express easements. For this reason, the plaintiff contends that his easement by necessity is not barred and factual issues exist that need to be addressed at trial.
The MRTA, at General Statutes § 47-33c, provides in relevant part CT Page 8708 that "[a]ny person having the legal capacity to own land in this state, who has an unbroken chain of title to any interest in land for forty years or more, shall be deemed to have a marketable record title[2] to that interest [subject to certain statutory exceptions delineated in the MRTA]." Pursuant to the MRTA, "any person who has an unbroken record chain of title to an interest in land for a period of forty years, plus any additional period of time necessary to trace the title back to the latest connecting title instrument of earlier record (which is the `root of title'[3] under the act) has a `marketable record title' subject only to those pre-root of title matters that are excepted under the statute or are caused to reappear in the latest forty year record chain of title." II Giardino, LLC v. Belle Haven Land Co., 254 Conn. 502, 536,757 A.2d 1103 (2000).
The defendants' reliance on Larson v. Hammonassett Fishing Assn.,Inc., supra, Docket No. 068175; and its analysis of the MRTA with regard to an easement by necessity is misplaced. In Larson, the court held that any easement by necessity that may have existed or been created by a deed was extinguished by the provisions of the MRTA. Id. This case was premised on the now outdated theory that for an easement by necessity to arise, the person who created the easement was required to have unity of title. The unity of title doctrine provided that "[n]o right of way appurtenant can be created without a dominant as well as a servient estate. . . . The dominant estate enjoys the benefit of the way, and the servient estate bears the burden. The way can become legally attached to the dominant estate only if the same person has unity of title to both the way and the dominant estate." (Ellipses in original; internal quotation marks omitted.) Bolan v. Avalon Farms Property Owners Assn.,Inc., 250 Conn. 135, 143, 735 A.2d 798 (1999).
With regard to an easement by necessity, the unity of title doctrine, was, however, abrogated by the Connecticut Supreme Court in Bolan v.Avalon Farms Property Owners Assn., Inc., supra, 250 Conn. 144-45. InBolan, the court concluded that "the unity of title doctrine should be abandoned and that the intent[4] of the deed creating an easement should be effectuated even if no unity of title exists between the servient estate and the dominant estate the easement is intended to serve." Id.
Contrary to the defendants' argument, an easement by necessity does not, by its nature, require an express agreement or unity of title. "The law relating to easements by necessity in Connecticut is well established. [A]n easement by necessity will be imposed where a conveyance by the grantor leaves the grantee with a parcel inaccessible save over the lands of the grantor, or where the grantor retains an adjoining parcel which he can reach only through the lands conveyed to CT Page 8709 the grantee. . . . [B]ut to fulfill the element of necessity, the law may be satisfied with less than the absolute need of the party claiming the right of way. The necessity need only be a reasonable one." (Brackets in original; ellipses in orginal; internal quotation marks omitted.)Kelley v. Tomas, 66 Conn. App. 146, 179, 783 A.2d 1226 (2001), quoting,Hollywyle Assn., Inc. v. Hollister, 164 Conn. 389, 398-99, 324 A.2d 247
(1973). "The common law rule regarding easements by necessity presumes that no grantor would convey a portion of his property and thereby deprive himself of the enjoyment of the remainder." Hollywyle Assn.,Inc. v. Hollister, supra, 164 Conn. 398; see also Abington Ltd. v.Talcott Mountain Science Center, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 513349 (December 3, 1996,Satter, J.T.R.).
Because this court finds that an easement by necessity can arise without unity of title or specific expression of such an easement, it follows that the MRTA does not apply to easements by necessity. The MRTA "declares null and void any interest in real property not specificallydescribed in the deed to the property which it purports to affect, unless within a forty year period, a notice specifically reciting the claimed interest is placed on the land records in the affected land's chain of title." (Emphasis added.) II Giardino, LLC v. Belle Haven Land Co., supra, 254 Conn. 536. For this reason, the defendants' argument that the MRTA bars the plaintiffs declaratory action that he has an easement by necessity fails.
Accordingly, genuine issues of material fact exist as to whether the plaintiffs alleged easement by necessity is reasonable and, therefore, the defendants' summary judgment motion is denied.
Mintz, J.